UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VALINDA KORNHAUSER,

    Plaintiff,

v.                               CASE No. 8:09-CV-1638-T-23TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____:

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the Plaintiff's Petition for Attorney Fees (Doc. 34) filed by counsel for the plaintiff on October 12, 2010. Having considered the application, the defendant's objection (Doc. 35), the parties' subsequent Joint Stipulation (Doc. 36), the parties' Amended Joint Stipulation (Doc. 37), and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), I recommend that the plaintiff be awarded $4,037.50 in attorneys' fees, $33.75 in expenses, and $350.00 in costs to be paid, by virtue of a fee

assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a federal debt.

The applicant represented the plaintiff in this action seeking review of a denial of Social Security disability benefits. This matter was reversed and remanded to the Social Security Administration by order of this court dated July 14, 2010 (Doc. 32). Judgment was therefore entered in favor of the plaintiff (Doc. 33). The plaintiff then filed this application for attorneys' fees under the EAJA and requested that the fees be paid directly to her attorneys if the United States Department of the Treasury determines that the plaintiff does not owe a federal debt (Doc. 34-4, p. 6; see Doc. 34-1). The Supreme Court in Astrue v. Ratliff, ___ U.S. ___, 130 S.Ct. 2521 (2010), approved the payment of fees directly to a plaintiff's attorney in cases where the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney.

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this

case, the applicant originally requested an award of attorneys' fees in the amount of $5,935.58 (Doc. 34). This amount represents 6.8 hours of service before the court in 2009 at an hourly rate of $172.24 and 27.2 hours in 2010 at an hourly rate of $175.16 by attorneys Vicki L. Stolberg and Sarah H. Bohr (id., p. 2). The plaintiff also seeks recovery of the $350.00 filing fee, and expenses for postage totaling $33.75 (Doc. 34-2, p. 2). The defendant filed a memorandum in opposition to the fee petition, arguing that the amount of the award should be reduced because the number of attorney hours is excessive (Doc. 35). In this connection, the defendant suggested that the attorneys' fee award be reduced to $4,989.74, which reflects a deduction of 6.4 attorney hours (id.). The parties subsequently submitted a Joint Stipulation in which the parties agreed to an attorneys' fee of $5,000.00 (Doc. 36), approximately the same amount advocated by the defendant in his opposition memorandum. However, as discussed below, under the unique circumstances of this case, the parties' Stipulation should not be accepted.

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Further, the defendant does not dispute the issue of substantial justification, or that the plaintiff is a

prevailing party (Doc. 35, p. 3). Consequently, the plaintiff is entitled to an award of attorneys' fees.

The plaintiff sought recovery for 34 hours of services performed in this case. As indicated, the defendant challenged this amount as excessive, and argued that it should be reduced to 28.6 hours (id., p. 4). Since the attorneys' fee in the Joint Stipulation is roughly the same fee advocated by the defendant in his opposition memorandum, it is reasonable to conclude that the Commissioner maintains his objection to the number of hours.

Specifically, the defendant argues that compensation for the plaintiff's brief should be reduced from 20.7 hours to 18, and that the plaintiff should be reimbursed for only one of 3.7 hours sought for preparing the EAJA petition (id., pp. 3-4). The defendant argues that 20.7 hours for preparation of the plaintiff's brief is excessive because plaintiff's counsel is highly experienced in Social Security matters, and the plaintiff's brief did not raise any novel issues, or involve a complex set of facts (id.). Plaintiff's counsel acknowledges that an above-average number of hours was spent preparing the brief, but asserts that the additional time was necessary because "the record spanned over 800 pages and the medical records were not indexed

with the names of physicians and dates of treatment, as in typical files" (Doc. 34-4, p. 6).

Unquestionably, 20.7 hours for preparing a Social Security brief is high. On the other hand, the record was lengthy, and the plaintiff's brief was not a typical brief; it contained a 14-page statement of the case and had more record citations in the argument section than normally referenced in a Social Security memorandum. In consideration of these circumstances, and my subsequent recommendation not to award the typical cost-of-living increase, I recommend that there be no reduction in the number of hours that are compensated for the preparation of the plaintiff's brief.

The defendant also argues that reimbursement for the EAJA petition should be reduced from 3.7 hours to one hour (Doc. 35, p. 4). I agree that 3.7 hours for preparing the fee petition is patently excessive considering that these petitions are typically form documents in which counsel simply plug in their billable hours. Furthermore, for the most part, plaintiff's counsel's petition appears to be one of those form documents. On the other hand, the plaintiff included in her petition a discussion concerning why the Commissioner's position was not substantially justified, which increases the amount of time to complete the petition. Further, there are practitioners who

seek more than one hour for preparing their EAJA petitions. Therefore, in my opinion, two hours for the EAJA petition in this case is reasonable. Accordingly, I recommend that there be a reduction of 1.7 hours for the EAJA petition. In sum, I recommend that the total number of hours to be compensated in this matter be reduced from the requested 34 hours to 32.3 hours.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $172.24 per hour for work performed in 2009, and to $175.16 per hour for work performed in 2010 (Doc. 34, p. 2). However, as the defendant pointed out in his opposition memorandum (Doc. 35, p. 4), I proposed in my Report and Recommendation that plaintiff's counsel be denied the cost-of-living increase typically requested in EAJA fee petitions due to counsel's intentional violation of Local Rule 1.05 (Doc. 31, p. 5, n.2). Thus, after the plaintiff's request to file a memorandum in excess of 25 pages was denied, she submitted a memorandum that complied with the page limit, but had smaller margins than authorized by Local Rule 1.05(a), and also contained footnotes that appeared to be smaller than the ten-point type required by the local rule (id., p. 5). Plaintiff's counsel ignored this issue

altogether in the petition for attorneys' fees. Thus, she did not challenge its factual premise, or otherwise argue why the proposal should not be adopted.

Although the defendant mentioned in his opposition memorandum my suggestion to reject a cost of living increase, it is evident from the amount of the attorneys' fee he agreed to pay that the defendant does not seek enforcement of this proposal. However, the parties' stipulation should not determine the outcome of this petition because it is the court that ultimately determines the amount of a reasonable fee, and the court has an important interest in the enforcement of its rules. Considering counsel's intentional violation of a court rule, and the absence of a challenge to this proposal by either party (much less a cogent one), I recommend that plaintiff's counsel's fee be based upon the statutory hourly rate of $125.00. Accordingly, 32.3 hours at an hourly rate of $125.00 equals an attorneys' fee of $4,037.50.

Finally, the plaintiff seeks reimbursement for the $350.00 filing fee and $33.75 in postage (Doc. 34-2, p. 2). The defendant does not dispute that these are compensable costs and expenses (Doc. 35, p. 5).

For the foregoing reasons, I recommend that the Plaintiff's Petition for Attorney Fees (Doc. 34) be granted to the extent that the plaintiff

be awarded the amount of $4,037.50 in attorneys' fees and $33.75 in expenses, and $350.00 in costs pursuant to 28 U.S.C. 2412(a)(1), (c)(1), (d)(1)(A), (B), to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant after it is determined the plaintiff does not owe a federal debt.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: NOVEMBER 4, 2010

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).