UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


VALINDA S. KORNHAUSER

     Plaintiff,

v.                                                          CASE NO: 8:09-cv-1638-T-23TGW

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/


## **ORDER**

The plaintiffs move (Doc. 34) for attorney fees under the Equal Access to Justice

Act, 28 U.S.C. § 2412.  On November 4, 2010, the Magistrate Judge issued a report

(Doc. 38) recommending the award of attorneys fees but denying a cost-of-living

adjustment due to counsel's intentional violation of Local Rule 1.05.  The plaintiff objects

(Doc. 39) to the extent the report denies the plaintiff's request for a cost-of-living

adjustment.  The denial of the cost-of-living adjustment and the resulting reduction in

the fee request is modest both in relation to the total fees awarded and the gravity of the

infraction.  The sanction is a reasonable exercise of the Magistrate Judge's disciplinary

authority and easily survives review.  <u>Maisonville v. F2 America</u>, 902 F.2d 746, 747 (9th

Cir. 1990) (sanctions are non-dispositive, properly ordered by the magistrate, and

reviewed by the district court for clear error).

The plaintiff's objection (Doc. 39) is **OVERRULED**, the Magistrate Judge's report and recommendation (Doc. 38) is **ADOPTED**, and the plaintiff's motion for attorney fees (Doc. 34) is **GRANTED IN PART**.  The plaintiff is awarded $4,037.50 in attorneys' fees, $33.75 in expenses, and $350.00 in costs pursuant to 28 U.S.C. § 2412.  Pursuant to Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the award of $4421.25 is payable under a fee assignment to plaintiff's counsel after the Commissioner determines that the plaintiff owes no federal debt.

ORDERED in Tampa, Florida, on November 22, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE